IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FILED
APR 2 - 2010
IN THIS OFFICE
Clerk U. S. District Court
Greensboro, N. C.
By

UNITED STATES OF AMERICA )
)
v. ) 1:99CR17-1
)
MICHAEL WILLIAMS )
)

**JUDGMENT AND COMMITMENT**
**Supervised Release Violation Hearing**

On February 25, 2010, a hearing was held on a charge that Defendant had violated the terms and conditions of supervised release as set forth in the Judgment entered in the above-entitled case on August 25, 1999, a copy of which is attached hereto and incorporated by reference into this Judgment and Commitment.

Defendant was represented by J. Clark Fischer, Attorney.

Defendant was found to have violated the terms and conditions of his supervised release.

**IT IS ORDERED** that Defendant's supervised release is revoked.

**IT IS FURTHER ORDERED** that Defendant be committed to the custody of the Bureau of Prisons for imprisonment for a term of 21 months followed by 36 months of supervised release. Supervised Release is imposed under the same terms and conditions originally imposed with one additional condition. The Defendant is to participate in the TROSA program in Durham, North Carolina. If this program is not available to Defendant, then Defendant is

to participate in and complete a comparable program as determined by the probation officer.

The defendant is remanded to the custody of the United States Marshal.

This the 2nd day of ~~March~~ April 2010.

William L. Osteen, Jr.
United States District Judge

ENTERED ON DOCKET
R. 55
AUG 25 1999
BY

13.

# United States District Court
## Middle District of North Carolina

FILED
AUG 25 1999
IN THIS OFFICE
Clerk, U. S. District Court
Greensboro, N. C.
BY

UNITED STATES OF AMERICA

v.

MICHAEL WILLIAMS

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 1:99CR-17-1

Defendant's Attorney: J. Clark Fischer

D/8

**THE DEFENDANT:**

☒ pleaded guilty to count 1.

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:841(a)(1) & (b)(1)(A) | Distribute cocaine base (crack). | 11/11/98 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) __________ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, costs, and special assessments imposed by this judgment are fully paid.

Defendant's SSN:
Defendant's DOB:
Defendant's USM #:
Defendant's Residence Address:

1701 Gunter Street, Apartment A
Durham, NC 27707

Defendant's Mailing Address:
(if different from residence address)

August 17, 1999
Date of Imposition of Judgment

[signature]
Signature of Judicial Officer

Frank W. Bullock, Jr., Chief United States District Judge
Name & Title of Judicial Officer

August 25, 1999
Date

DEFENDANT: MICHAEL WILLIA S
CASE NUMBER: 1:99CR-17-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **151 months.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

☐ at __________ am/pm on __________ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 pm on __________ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on ______________________________ to ______________________________ at ______________________________, with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

BY ______________________________
DEPUTY US MARSHAL

DEFENDANT: MICHAEL WILLI[illegible]S
CASE NUMBER: 1:99CR-17-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable).

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: MICHAEL WILLIAMS
CASE NUMBER: 1:99CR-17-1

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall cooperatively participate in a substance abuse treatment program, which may include drug testing or inpatient/residential treatment, as directed by the probation officer. During the course of treatment, the defendant shall abstain from the use of alcoholic beverages.

The defendant shall provide any requested financial information to the probation officer.

DEFENDANT: MICHAEL WILLI S
CASE NUMBER: 1:99CR-17-1

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals** | $ 100.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement: $

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ __________ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the 15th day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B, may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, until __________ . An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Payment |
|---|---|---|---|
| **Totals:** | $ | $ | |

** Findings for the total amount of losses are required under Chapters 109A, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: MICHAEL WILLI S
CASE NUMBER: 1:99CR-17-1

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payments of the total fine and other criminal monetary penalties shall be due as follows:

A ☒ in full immediately; or

B ☐ $ __________ immediately, balance due (in accordance with C, D, E, or F); or

C ☐ not later than __________ ; or

D ☐ in installments to commence __________ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the US probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in __________ *(equal, weekly, monthly, quarterly)* installments of $ __________ over a period of __________ year(s) to commence __________ day(s) after the date of this judgment; or

F ☐ In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of the term of supervised release, the defendant shall make payments in equal, monthly installments of $ __________ to begin __________ days after the commencement of the term of supervised release and to continue during the entire term of supervised release.

The court will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

The defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution (18 U.S.C. § 3664(k)).

☐ Joint and Several

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court for the Middle District of North Carolina, P. O. Box 2708, Greensboro, NC 27402, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

DEFENDANT: MICHAEL WILLI[illegible]S
CASE NUMBER: 1:99CR-17-1

# STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

**OR**

☐ The court adopts the factual findings and guideline application in the presentence report except:

**Guideline Range Determined by the Court:**

Total Offense Level: 29

Criminal History Category: VI

Imprisonment Range: 151 to 188 months

Supervised Release Range: 5 years

Fine Range: $ 15,000.00 to $ 4,000,000.00

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $

☐ Restitution is not ordered, because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered, because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☒ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s);

The Court takes into consideration the defendant's repetitive minor or misdemeanor crimes and his drug addiction and imposes a sentence at the low-end of the range.

**OR**

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):